ROBERT L. BLAND, Judge.
In this proceeding claimant Emmett Wayne Webb, a resident of the state of West Virginia and the county of Fayette is of opinion that the court of claims should make an award of $662.53 in his favor against thé state road commission because of an accident which he had on u. s. route 60 in said county of Fayette on the night of March 8, 1951. As a result of said accident his 1950 Chevrolet four-door sedan automobile was very considerably damaged, he sustained severe personal injuries, was hospitalized for four days in a medical center at Montgomery and lost about a month’s time from his usual employment.
He represents to the court that the cause of said accident was. due to the failure of the state road commission to prevent and sufficiently guard against a slide which occurred on said highway sometime during the night of March 8, and on the further ground of the failure of such state agency to provide warning signs, flares, and other notices of danger as he approached the site of the slide. In his petition he avers: “* * * that on the day and year aforesaid he was driving his said automobile as aforesaid he was on said highway using due care on the right or north side of the center of said highway at a lawful rate of speed, when suddenly and without warning of any kind there being no flares or signs or other warning he ran into a slide extending out over the paved surface of the highway approximately four or five feet; that said slide was on a curve and that he did not see it until he was too close to stop his automobile and trying to avoid it swerved to the left and in so doing struck a large rock on the highway breaking or tearing loose the tie rod on his car causing him to loose control of the vehicle and go over a large embankment * *
Said route 60 is one of the most extensively traveled and used highways in the state. In sections it frequently abuts on moun *64 tainsides. Pictures exhibited upon the investigation of the claim show very clearly that the road at the point where the accident occurred was a beautiful stretch of highway. By reason of the topography of the state in the section traversed by the highway it infrequently happens that slides occur on the mountainsides. In such cases, however, before it could reasonably be contended that there would be responsibility on the part of the state to compensate a traveler on the road for injuries sustained or property damaged, it should be made to appear that the road commission had knowledge of the slide and an opportunity to remove it.
Since claimant is a resident of the county in which his accident occurred there is a reasonable inference, from the testimony offered by him in support of his claim, that he was familiar with the highway over which he traveled and had knowledge of the fact that slides frequently occurred on the mountain abutting the road, and that it was his duty at all times when using the highway with his automobile to exercise ordinary care and prudence.
The testimony adduced in support of the claim is reported in a transcript of more than eighty pages. However, the entire case was presented by claimant in these words: “Well, it was — I had left home around 11:00 o’clock at night, March 8. It was on a Thursday. I was driving westward on u. s. 60. I was driving along at the rate of 45 to 50 miles an hour and all of a sudden I came upon this slip in the road without any warning whatsoever, no signs of any slide, or any flares burning, or anything, so I applied my brakes and that way swerved the car and I hit a rock in the slide that caused me to lose control and go over an embankment, dropped right over on the New York Central Railroad tracks. The weather that night, it was drizzling-like, quite foggy and smoky. We have those coke ovens there at Harewood that holds the fog and smoke right on the road and the visibility was very bad at the time the accident happened.”
The testimony as a whole was involved, obscure, vague and unsatisfactory to establish any negligence on the part of respondent, or responsibility for the sudden slide from the moun *65 tainside. Being familiar with the road and the liability for slides to occur at any time it was all the more the duty of claimant to employ sufficient precautionary measures as he traveled on the highway to avoid accidents.
On the night of this particular accident it was drizzling rain; the weather condition was foggy and the smoke from adjacent coke ovens presented a situation sufficient to put claimant on notice of what might happen under the circumstances of prevailing conditions.
No good purpose would be subserved by reciting at length the testimony relied upon by claimant to establish his claim. It is sufficient to say that giving full consideration and weight to all of such testimony it fails signally to make out a case of negligence on the part of the road commission. It fully appears that the road commission was in the habit of giving proper attention to these slides when they would occur, which was frequently, and removing them from the highway. It is, in our judgment, reasonable to conclude that by reason of his lack of care and failure to employ reasonably precautionary measures he contributed to his unfortunate dilemma.
This court has frequently, in its determination of claims predicated upon the alleged negligence of the road commission, declared: “Under the act creating the court of claims negligence on the part of the state agency involved must be fully shown before an award will be made.”
“No duty, express or implied rests upon the state road commission of West Virginia to maintain the highways under its jurisdiction in more than reasonably safe condition for use in the usual manner and by the ordinary methods of travel; and the state does not guarantee freedom from accident of persons traveling on such highways.” Hutchison v. State Road, 3 Ct. Claims (W. Va.) 217.
The state has very generously provided an excellent system of highways in the state, which, as a general rule, are in reason *66 ably safe condition for pedestrian and vehicular use. No award on the ground of the negligence of the road commission could be made or responsibility attributed to it for the sudden slide. A person who rides in an automobile on the very best highway of the state is liable to have an accident at any time.
We cannot agree, upon a full hearing of this case, that the road commission was in any way responsible for the accident. Absolutely no negligence on its part can be inferred from the evidence offered by claimant in support of his claim. In view of this conclusion by the court an award in the instant case is denied and the claim dismissed.